IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STANLEY DROSIEKO,

    Plaintiff,

v.                                       Civil Action No. 5:05CV152
                                                          (STAMP)
LINDA S. McMAHON,[1]
Acting Commissioner of
Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Stanley Drosieko, filed an action in this Court pursuant to 42 U.S.C. § 405(g) seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security. The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. Magistrate Judge Kaull considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his

---

[1] Linda S. McMahon became the Acting Commissioner of Social Security effective January 22, 2007, to succeed Jo Anne B. Barnhart. Under Federal Rule of Civil Procedure 25(d)(1) and 42 U.S.C. § 405(g), Linda S. McMahon is automatically substituted as the defendant in this action.

report, the magistrate judge recommended that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment or, in the alternative, for remand be denied.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

The plaintiff filed an application on April 7, 1999 for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and II, respectively, of the Social Security Act, 42 U.S.C. §§ 1381-1383f, 401-433. In the

application, the plaintiff alleged disability since July 15, 1993, due to osteoarthritis in his hips and knees, bilateral carpal tunnel syndrome, numbness in his arms, and sleep apnea. The state agency denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing before Administrative Law Judge ("ALJ") Donald T. McDougall was conducted on September 13, 2000. The plaintiff appeared pro se and testified on his own behalf. Vocational Expert ("VE") Sharon Heinlein also testified at the hearing. On April 6, 2001, the ALJ issued a decision finding that the plaintiff was not disabled. In September 2001, the plaintiff was diagnosed with a brain tumor. The plaintiff died on June 28, 2002, and Carrie L. Drosieko, his widow, pursued the claim as a substitute party.

Subsequently, the Appeals Council granted the plaintiff's request for review and remanded to the ALJ with instructions for further evaluation. On February 17, 2004, ALJ Steven D. Slahta held a hearing at which Carrie Drosieko, represented by counsel, provided testimony. VE Lawrence Ostrowski also testified. On May 6, 2004, ALJ Slahta entered a decision finding that the plaintiff was not disabled prior to October 1, 2001, but that subsequent to October 1, 2001, the plaintiff was disabled due to a malignant brain neoplasm. The Appeals Council denied Mrs. Drosieko's request for review of the ALJ's decision, rendering that decision final.

The plaintiff, through Mrs. Drosieko, then filed the present action.

### III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

### IV. Discussion

In his motion for summary judgment, the plaintiff argues that: (1) the ALJ's finding that the plaintiff had only a "mild" mental functional limitation is unsupported by the evidence; (2) the ALJ did not consider all of the plaintiff's alleged physical impairments in his residual functional capacity ("RFC") analysis; and (3) the ALJ's credibility assessment of the plaintiff's testimony was flawed. The Commissioner contends that the plaintiff's arguments are without merit and that the ALJ's decision in this case is supported by substantial evidence. This Court

4

agrees with the magistrate judge's finding that substantial evidence supports the ALJ's determination that the plaintiff was not disabled on or before his Date Last Insured, March 31, 1999.

A.  Mental Impairments

The magistrate judge found that substantial evidence supports the ALJ's determination that the plaintiff's mental limitations were only mild. This Court finds no clear error in that finding. The plaintiff relies heavily on the opinion of Mr. Maceiko, the plaintiff's treating psychologist, to support his argument that the ALJ's decision is not supported by substantial evidence. The plaintiff contends that the ALJ failed to consider the importance of a mental impairment questionnaire completed by Mr. Maceiko on May 27, 2001 (more than two years after the plaintiff's Date Last Insured).[2] In the questionnaire, Mr. Maceiko stated that the plaintiff "would have missed approximately two (2) to three (3) days of work per week due to his psychologically based symptoms." The plaintiff argues that the ALJ failed to raise this limitation in his hypothetical to the VE.

Under 20 C.F.R. §404.1527, the more knowledge that a treating source has about a particular impairment, the more weight that will be given to the source's medical opinion. The ALJ elected to

---

[2]The plaintiff did not seek mental health treatment until December 1999, ten months after his Date Last Insured. Therefore, the magistrate judge's report and this Court's review thereof is limited to the plaintiff's claim for DIB, which does not have a Date Last Insured.

5

accord little or no weight to the report and opinion of Mr. Maceiko because the ALJ determined that Mr. Maceiko's opinion was based only on the plaintiff's subjective complaints regarding his physical symptoms. The evidence does not indicate that Mr. Maceiko conducted a physical exam of the plaintiff or that Mr. Maceiko has the necessary training to do so. The magistrate judge correctly noted that the opinion of Mr. Maceiko, a licensed psychologist, is not entitled to significant weight with respect to the plaintiff's physical complaints. Thus, the magistrate judge found that substantial evidence supports the ALJ's decision to accord little or no weight to the opinion of Mr. Maceiko and the ALJ's determination that the plaintiff's mental limitations were only mild. This Court affirms the finding of the magistrate judge.

B. <u>Physical Impairments</u>

This Court finds no clear error in the magistrate judge's finding that substantial evidence supports the ALJ's RFC determination. The plaintiff argues that the ALJ failed to consider all of the plaintiff's alleged physical impairments in the RFC assessment. Specifically, the plaintiff contends that the ALJ did not consider his knee surgery, his sleep apnea, his complaints of numbness and spasms in his arms and legs, Dr. Marquart's opinion that the plaintiff's hyperactivity in his reflexes was suggestive of early myelopathy, Dr. Kettler's indication that the plaintiff

may have an epicondylitis of the elbow, and the MRI report of September 9, 1999.

The magistrate judge correctly noted that the mere diagnosis of a condition is not enough to prove disability. Rather, a showing of related functional loss must be made. See Gross v. Heckler, 785 F.2d 1163 (4th Cir. 1986). In this case, the record shows that the plaintiff regained full range of motion in his knee a month after his last knee surgery in 1995. Additionally, the plaintiff reported mostly occasional knee pain to his physicians, stated that his joint pain did not keep him from doing "anything," and reported "doing a lot with the boys" and "walking a lot and doing a lot of exercising at home." Therefore, although the plaintiff's medical records indicate that he underwent knee surgeries, the records do not show that the plaintiff suffered any resulting "functional loss" from the knee surgeries.

As to the plaintiff's complaints regarding numbness and spasms in his arms and legs, the magistrate judge found that the ALJ appropriately determined that those complaints were not entirely credible. Also, the ALJ and the magistrate judge found that Dr. Kettler's observation that the plaintiff may have epicondylitis affecting his right elbow is not credible in that the observation was based largely on the plaintiff's subjective complaints. Although the plaintiff complained of joint pain, just a few months later, the plaintiff reported that he was lifting weights,

7

exercising, and being active with his children. Because of these inconsistencies, it was permissible for the ALJ to determine that the plaintiff's complaints were not entirely credible and to decline to give great weight to those complaints when making the RFC assessment.

Additionally, the plaintiff points to a report of Dr. Marquart which indicates that the plaintiff "possibly ha[d] an early myelopathy." This report, however, was repudiated by the results of a test performed by Dr. Marquart two months later. The later report confirmed that there was "nothing to cause any type of a myelopathy" in the plaintiff. Thus, the "possible" myelopathy was appropriately not taken into account.

The plaintiff also argues that the ALJ neglected to take into account the MRI report dated September 9, 1999, with regard to the plaintiff's lower back. The magistrate judge recognized that this argument is flawed because the MRI that the plaintiff relies on was of the cervical spine rather than the lumbar (lower) spine. Therefore, the MRI cannot be used to support the plaintiff's lower back complaints.

Finally, the plaintiff argues that the ALJ should have considered his sleep apnea. The plaintiff, however, was never diagnosed with sleep apnea. The plaintiff did experience difficulty sleeping and was diagnosed by Dr. Kettler with restless leg syndrome. The plaintiff reported that this syndrome was fairly

well controlled with medication. Because the plaintiff was never diagnosed with sleep apnea, the ALJ need not have taken that condition into account.

Therefore, the ALJ found, the magistrate judge agreed, and this Court affirms that substantial evidence supports the RFC determination.

C. <u>Administrative Law Judge's Credibility Assessment</u>

The magistrate judge found that substantial evidence supports the ALJ's determination that the plaintiff's statements regarding his impairments and limitations were not entirely credible. That finding is not clearly erroneous.

The ALJ gave many specific reasons based on evidence from the record for finding the plaintiff's testimony to be not entirely credible. For example, the ALJ noted inconsistencies between the impairments that the plaintiff alleges and the daily activities that the plaintiff reported performing, inconsistencies between his statements and the objective medical evidence, and inconsistencies between the plaintiff's various reports to his treating physicians.

This Court rejects the plaintiff's argument that the ALJ failed to follow the two-step process developed in <u>Craig v. Chater</u>, 76 F.3d 585 (4th Cir. 1996), and failed to apply the threshold prong of that analysis. In reviewing the record, it is clear that the ALJ did "consider the entire case record, including the objective medical evidence, the individual's own statements about

9

symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." (SSR 96-7P, ¶ 4.) The ALJ consistently compared the plaintiff's testimony to objective evidence from the record when he discussed each of the plaintiff's alleged impairments. Accordingly, the ALJ's findings that the plaintiff is not entirely credible are supported by substantial evidence and the report and recommendation of the magistrate judge must be affirmed.

## V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that plaintiff's motion for summary judgment or, in the alternative, remand be DENIED and that the defendant's motion for summary judgment be GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 20, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE